UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICIA SLATER<br>4910 Wyalusing Avenue<br>Philadelphia, PA 19131<br><br>                Plaintiff,<br><br>vs.<br><br>YUM YUM'S 123 ABC<br>5610 Lancaster Avenue<br>Philadelphia, PA 19131<br><br>                Defendant. | JURY TRIAL DEMANDED<br><br><br>CIVIL ACTION |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action by Alicia Slater (hereinafter "Plaintiff"), on behalf of herself and other similarly situated employees, against her employers, Yum Yum's 123 ABC, to inter alia, recover unpaid and overtime wages under the Fair Labor Standards Act and the Pennsylvania Wage Payment and Collection Law.

### JURISDICTION

2. This action is brought pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (hereafter "FLSA").

3. The jurisdiction of this Court is predicated upon 29 U.S.C. § 216 and 28 U.S.C. §§ 1331, 1337.

4. This Court has supplemental and pendent jurisdiction over the state law claims contained in Counts II, III and IV.

5. Venue is proper under 28 U.S.C. § 1391, since all of the claims set forth herein arose in the Eastern District of Pennsylvania.

**PARTIES**

6. Plaintiff, Alicia Slater is an individual currently residing at 4910 Wyalusing Avenue, Philadelphia, PA 19131.

7. Upon information and belief, Yum Yum's 123 ABC is a Pennsylvania corporation engaged in providing child care services, with a business located at 5610 Lancaster Avenue, Philadelphia, PA 19131.

8. Plaintiff brings this action on behalf of herself and other similarly situated employees of Defendant, including those other similarly situated persons who have filed and who may file consents to be plaintiffs with the Court under the Fair Labor Standards Act, and as a representational action under the Pennsylvania Wage Payment Collection Act. References to Plaintiff herein shall include such similarly situated individuals.

9. Upon information and belief, Defendant, at all times relevant hereto, was responsible for its own day to day operations, hiring and firing of employees, setting of employees' hours, and paying employees' wages.

**FACTUAL ALLEGATIONS**

10. At all relevant times, the Defendant has been the employer of Plaintiff and other similarly situated employees.

11. Plaintiff had been employed as a teacher for Defendant from May 21, 2018 until October 1, 2019.

12. During the course of her employment with Defendant, Plaintiff would bring to Defendant's premises her personal property, including, but not limited to teaching materials, toys, diapers, and a bluetooth speaker, for purposes of using while engaged in her duties for Defendant.

13. During Plaintiff's employment with Defendant, her hourly rate varied. At certain points during her sixteen months of employment, Plaintiff's hourly rate was $8.50 per hour, $9.00 per hour, $10.00 per hour, $12.00 per hour, $12.50 per hour, and $13.00 per hour.

14. During each of the weeks Plaintiff was employed by Defendant, Plaintiff and all others similarly situated were employees engaged in commerce.

15. From Plaintiff's first day of employment with Defendant through the last day of Plaintiff's employment, Plaintiff and all others similarly situated employees often worked more than forty hours per week.

16. From Plaintiff's first day of employment with Defendant through Plaintiff's last day of employment, Defendant willfully failed to compensate Plaintiff and all others similarly situated employees at a rate of one and one-half times their regular hourly rate for the hours worked in excess of forty hours in a work week.

17. Throughout the period of Plaintiff's employment, Defendant willfully failed to pay Plaintiff and all others similarly situated all amounts of wages when due.

18. Defendant failed to pay Plaintiff's and all others similarly situated all wages due for all hours worked.

19. Defendant failed to include all wages earned when calculating the overtime rates for Plaintiff and all others similarly situated.

## COUNT I - FAIR LABOR STANDARDS ACT

20. Plaintiff incorporates by reference paragraphs 1 through 19 as though fully set forth below.

21. This cause of action sets forth a claim arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and specifically 29 U.S.C. § 207.

22. Plaintiff brings her claims hereunder on behalf of herself and all other similarly situated individuals who filed with the Court consent to be plaintiffs under the FLSA.

23. The FLSA requires an employer to pay an employee covered by the Act overtime wages at the rate of one and one-half times the employee's regular hourly wage rate for all work in excess of forty hours each week.

24. Plaintiff has been due overtime compensation of one and one-half times her regular wage for her hours of employment by Defendant in excess of forty hours a week for the period of her employment as of May 21, 2018 until her last date of employment, October 1, 2019.

25. Defendant willfully failed to pay Plaintiff overtime pay for the hours Plaintiff was employed by and worked for Defendant in excess of forty hours each week for the time frame commencing May 21, 2018 through Plaintiff's last date of employment, October 1, 2019.

26. Upon information and belief, Defendant was or should have been aware that the FLSA required payment of overtime compensation to persons employed in labor, such as Plaintiff and those employees similarly situated. Defendant was or should have been aware that the persons employed by them were engaged in non-exempt work.

27. Defendant's willful failure to pay Plaintiff from May 21, 2018 through her last date of employment, October 1, 2019, one and one-half times her regular hourly rate for hours worked in excess of forty hours in a work week violated the overtime provision of the Fair Labor Standards Act, 29 U.S.C. § 207.

28. Plaintiff is entitled to entry of a declaratory judgment that Defendant violated the FLSA.

29. Defendant is liable to Plaintiff for damages in the amount of unpaid overtime wages due and owing together with an equal amount in liquidated damages, costs of this action and attorney's fees pursuant to 29 U.S.C. § 216(b).

## COUNT II - PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

30. Plaintiff incorporates by reference paragraphs 1 through 29 as though fully set forth below.

31. This cause of action is a supplemental state claim arising under the Pennsylvania Wage Payment and Collection Law ("PA WPCL"), 43 P.S. § 260.1 et seq.

32. This action is brought by Plaintiff on behalf of herself and all other persons similarly situated who have been employed by Defendant, as specifically authorized by the PA WPCL, 43 P.S. § 260.9a.

33. The PA WPCL requires Defendant to timely pay full wages due to Plaintiff and all others similarly situated and provide statutory damages for the failure to timely pay all wages due.

34. Defendant willfully failed to pay Plaintiff all amounts of wages earned, including overtime, within the time limits set forth in the PA WPCL, 43 P.S. §260.1 et seq.

35. Plaintiff is entitled to declaratory relief that Defendant violated the PA WPCL, and to appropriate equitable relief. Defendant is liable for unpaid wages and statutory damages together with costs and attorney's fees under the PA WPCL, 43 P.S. §§ 260.9a, 260.10.

### COUNT III - BREACH OF CONTRACT

36. Plaintiff incorporates by reference paragraphs 1 through 35 as though fully set forth below.

37. During the course of her employment, Plaintiff had a contract by performance with Defendant.

38. In exchange for Plaintiff's services as an employee, Defendant paid Plaintiff.

39. In violation of this contract of performance, Defendant failed to pay Plaintiff for the overtime she worked from May 21, 2018 through her last date of employment, October 1, 2019.

40. Defendant's failure to properly pay Plaintiff is a breach of said contract. Plaintiff is entitled to her overtime wages from Defendant in accordance with said violation.

### COUNT IV - CONVERSION

41. Plaintiff incorporates by reference paragraphs 1 through 40 as though fully set forth below.

42. Since Plaintiff's employment with Defendant ceased, Defendant has failed and or refused to return to her personal items left on Defendant's premises.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

1. Enter declaratory judgment that the actions of the Defendant violated Plaintiff's rights under the FLSA and PA WPCL as alleged herein;

2. Order Defendant to fully compensate Plaintiff and all others similarly situated for the amounts of overtime to which she is entitled to under the FLSA, 29 U.S.C. § 201 et seq., with such interest as permitted by law;

3. Award to Plaintiff and all others similarly situated double the amount of unpaid overtime wages owed pursuant to 29 U.S.C. § 216;

4. Order Defendant to pay to Plaintiff and all others similarly situated all amounts of wages earned, including overtime, pursuant to the PA WPCL, 43 P.S. § 260.1 et seq., with such interest as permitted by law;

5. Award to Plaintiff and all others similarly situated a liquidated damages sum of $500.00 or 25% of the total amount of wages due, whichever is greater, pursuant to 43 P.S. § 260.10;

6. Order Defendant to fully compensate Plaintiff and all other persons similarly situated for all amounts of wages due, whichever is greater, pursuant to 43 P.S. § 260.10;

7. Enjoin further violations of the FLSA and the PA WPCL by Defendant;

8. Order Defendant to return Plaintiff's personal property, or alternatively, compensate Plaintiff for the fair value of her personal property.

8. Award to Plaintiff reasonable attorney's fees, court costs, and all other reasonable costs incurred;

9. Grant such other and further relief as the Court deems just and proper.

Date: 1/21/2020

Respectfully submitted,
H. ROSEN LAW, P.C.

BY: _____
Howard A. Rosen, Esquire
PA Attorney I.D. No.: 200120
Two Penn Center
1500 JFK Blvd., Suite 1723
Philadelphia, PA  19102
(215) 948-2264
Attorney for Plaintiff